# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALISON GRAEFF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 4:22-CV-971 RLW |
| | ) |
| JOHN R. ASHCROFT, *Missouri Secretary of State,* et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. Nat'l Enterprises, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Article III standing "is a jurisdictional prerequisite" and may be raised by the Court sua sponte. Turkish Coal. of Am., Inc. v. Bruininks, 678 F.3d 617, 621 (8th Cir. 2012). A federal court must be satisfied that the requirements of standing have been met before turning to the merits of a suit. Id.; City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir. 2007). In the absence of Article III standing, the Court lacks subject matter jurisdiction. Id.

The Court has carefully reviewed Plaintiff's "Amended Petition to Contest St. Charles County Missouri Primary Election August 2, 2022," which the Court construes as an Amended Complaint, and finds Plaintiff does not have standing. The Court, therefore, lacks subject matter jurisdiction over this dispute. For the reasons that follow, the Court remands this cause of action to state court.

*I.  Background*

**A.  Procedural Posture**

Plaintiff Alison Graeff, who is proceeding in this matter without the assistance of counsel, is a Missouri voter and a former candidate for Missouri's 106th House district.  Plaintiff filed suit in the Eleventh Judicial Circuit Court of St. Charles County, Missouri on August 31, 2022, against Defendants John R. Ashcroft, Missouri's Secretary of State, and Kurt Bahr, Director of Elections for St. Charles County.  Plaintiff alleged in her state court petition that in the November 2020 general election, Missouri used electronic voting systems that were not tested by properly accredited test laboratories, and that Missouri continues to use the same voting systems in violation of federal and state election laws.  Plaintiff brought six counts against the two defendants in her state court petition for violations of the U.S. Constitution, the Missouri Constitution, and federal statutes, including 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 245, and 52 U.S.C. § 20511(2)(b).

On September 16, 2022, Defendants removed the cause of action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b).  Following removal, the Defendants filed separate motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

On October 7, 2022, Plaintiff amended her pleadings and filed an "Amended Petition to Contest St. Charles County Missouri Primary Election August 2, 2022," which the Court construes as an Amended Complaint.  The factual allegations in Plaintiff's Amended Complaint are substantially the same as those in her initial state court petition, but Plaintiff has omitted her claims under the U.S. Constitution and federal statutes.  Instead, Plaintiff alleges claims under Missouri state law only.  Plaintiff now brings the following six counts in her Amended Complaint: Violation of Procedural Due Process, Art. I, § 8 of the Missouri Constitution (Count I); Violation

of Substantive Due Process, Art. I, §§ 2 & 25 of the Missouri Constitution and Mo. Rev. Stat. § 115.225 (Count II); Deprivation of Civil Rights, Art. I, §§ 14, 10 & 25 of the Missouri Constitution (Count III); Deprivation of Constitutional Rights, Art. I, §§ 14, 10 & 25 and Art. XI, § 3 of the Missouri Constitution (Count IV); Voting Rights Violation, Art. I, § 25 of the Missouri Constitution (Count V); and Declaratory Judgment, Art. V, §§ 14 & 18 of the Missouri Constitution (VI).

Following the amendment of her pleadings, Plaintiff filed a motion to remand to state court, arguing the Circuit Court of St. Charles County has exclusive jurisdiction to hear claims challenging primary elections under Missouri law. Defendants oppose remand. In response, Defendants argue that the claims in Plaintiff's Amended Complaint are so related to the claims she had asserted under federal law that they form part of the same case or controversy, and the Court should maintain supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. Defendant Ashcroft argues separately that Plaintiff cannot defeat federal jurisdiction by eliminating her federal claims, and she has waived her right to remand by filing an Amended Complaint.

In addition to opposing remand, Defendants filed separate Motions to Dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Motion to Remand and Defendants Motions to Dismiss are pending before the Court.

### B. Allegations in Plaintiff's Amended Complaint

In her Amended Complaint, Plaintiff alleges Defendants failed to "properly ensure accreditation and certification of Missouri electronic voting machine systems." (ECF No. 25 at 3). According to Plaintiff, the laboratories that tested voting machines used in Missouri were not properly certified under the Help America Vote Act of 2002, 52 U.S.C. §§ 20901, et seq.,

3

("HAVA").[1] According to Plaintiff, the State of Missouri adopted provisions of HAVA in 2003, and the national testing procedures promulgated under HAVA apply to voting system in Missouri under state law.

Plaintiff alleges that in Missouri's November 3, 2020 general election, Missouri used electronic voting systems that were tested by three laboratories – SLI Compliance, NTS Huntsville Laboratory ("NTS"), and Pro V&V. According to Plaintiff, none of the three laboratories were properly accredited or certified as VSTLs under HAVA at the time they performed their testing. Moreover, Plaintiff asserts, Missouri continues to use voting systems tested by Pro V&V and SLI Compliance, which remain uncertified as VSTLs under HAVA.[2]

---

[1] Under HAVA, the Election Assistance Commission ("EAC") is charged with providing for the "testing, certification, decertification, and recertification of voting system hardware and software by accredited laboratories." 52 U.S.C. § 20971(a)(1). Based on this authority, the EAC set up a Testing and Certification Program, which is designed to ensure that competent laboratories are testing voting systems and software, and that they are following accepted standards in their testing. As part of this program, the EAC promulgated the Voluntary Voting System Guidelines ("VVSG"). The VVSG are used to guide the EAC's implementation of the Testing and Certification Program. Under the Testing and Certification Program, independent testing laboratories are certified and accredited as a Voting System Test Laboratory ("VSTL") by the EAC. "[N]o laboratory may be accredited for purposes of this section unless its accreditation is approved by a vote of the [EAC]." 52 U.S.C. § 20971(b)(2)(A). Under HAVA, states may choose to participate in EAC's Testing and Certification Program. "At the option of a State, the State may provide for the testing, certification, decertification, or recertification of its voting system hardware and software by the laboratories accredited by the [EAC] under this section." 52 U.S.C. § 20971(a)(2).

[2] The Amended Complaint alleges that NTS has never received legal accreditation from the EAC to be a VSTL. As for SLI Compliance, Plaintiff asserts that the laboratory's VSTL accreditation has expired and was not properly renewed, in that in 2018, SLI Compliance was given a three-year VSTL accreditation "even though law states the effective date of certification shall not exceed a period of two years." (Id. at 7). Moreover, SLI Compliance's 2018 and 2021 Certificates of Accreditation were not signed by the EAC's Chairman "as law requires." (Id. at 7-8). Plaintiff further alleges that Pro V&V was not properly accredited as a VSTL with the EAC. According to the Amended Complaint, Pro V&V received its original Certificate of Accreditation to be a VSTL in 2015, and the certification should have been renewed in 2017 and 2019 but was not. Moreover, Pro V&V's 2019 and 2021 Certificates of Accreditation also were not signed by the EAC's Chairman.

Plaintiff asserts that Defendants Ashcroft and Bahr violated Missouri law in that they "knowingly continued to require Missourians to vote in the August 2, 2022, Missouri Primary elections on uncertified machines." (ECF No. 25 at 25). Moreover, the voting machines remain uncertified due to Pro V&V's and SLI Compliance's lack of accreditation. Plaintiff claims that the fact the electronic voting systems were tested by unaccredited laboratories "renders the election results, regardless of outcome, null and void." (Id. at 17). According to the Amended Complaint, "[t]he State of Missouri and St. Charles County continue to certify election results violating my civil liberties. This is subsequently forcing [Plaintiff], as well as all Missouri citizens, into fraudulent contracts with illegally elected government officials: providing said officials with unlawful power to enforce actions under the color of law coercing and subjecting [Plaintiff] into servitude." (Id. at 27). Plaintiff asserts that Defendants' misconduct "silences my voice as a voter and violates my rights as a citizen." (Id. at 28)

Plaintiff seeks the following for relief in this case: (1) "[t]he immediate and permanent removal of the St. Charles County from the Federal mandates under the [HAVA]" (2) "[t]he immediate and permanent removal of all electronic voting machines, equipment, and poll pads in St. Charles County"; (3) the "immediate[] return" of St. Charles County "to hand-cast[] and hand-counted paper ballots"; (4) an order enjoining Defendants from "implementing or enforcing the use of electronic voting machines, equipment, and electronic poll pads and from taking any other action to implement the use of electronic voting equipment[] in all future St. Charles County elections"; and (5) an order prohibiting the Missouri Secretary of State and all state election officials "from deletion, destruction, disposal, or altering of all election data pertaining to the November 3, 2020 General election in the State of Missouri." (Id. at 37-38).

### C. Related Case

Upon removal, Defendants filed an Original Filing Form in which they indicated that this case is the same the cause of action, or a substantially equivalent complaint, as a case previously filed by Plaintiff in this Court, specifically Graeff v. United States Election Assistance Commission, et al., No. 4:22-CV-682 RLW (Graeff I). All the parties appear to agree that the factual allegations in Graeff I are nearly identical to the allegations in the case at bar. Furthermore, Plaintiff asserted the same six counts under federal law in Graeff I as Plaintiff asserted in her initial state court petition in the present case, although she has since filed an Amended Complaint withdrawing these claims and alleging state law claims only. The defendants in the two cases are not the same, however. In Graeff I, Plaintiff brought suit against the EAC and its Commissioners, Defendants Thomas Hicks, Christy McCormick, Benjamin W. Hovland, and Donald L. Palmer (collectively, "the Federal Defendants"), as well as Defendant John J. Ashcroft, the Missouri Secretary of State.[3]  Defendant Ashcroft is the only defendant named in both suits.

In Graeff I, the Federal Defendants moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the claims against them for lack of subject matter jurisdiction. The Federal Defendants argued that Plaintiff failed to establish Article III standing in that Plaintiff had not articulated a concrete and particularized injury-in-fact. The Court agreed and granted the Federal Defendants' Motion to Dismiss. The Court also determined that its findings regarding Plaintiff's failure to allege or demonstrate a particularized and concrete harm applied equally to the claims against Defendant Ashcroft, and the Court dismissed Plaintiff's claims against Defendant Ashcroft on its own motion

---

[3] In Graeff I, Plaintiff misnamed Defendant Missouri Secretary of State John R. Ashcroft as "John J. Ashcroft."

6

for lack of subject matter jurisdiction. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district courts are to "be attentive to a satisfaction of jurisdictional requirements" as to all claims).

The Court has carefully reviewed the allegations in Plaintiff's Amended Complaint in the current cause of action. Because the factual allegations in the present case are nearly identical to those in in Graeff I, the Court finds that the reasoning behind its decision to dismiss Graeff I for lack of subject matter jurisdiction applies equally here. Based on the allegations in the Amended Complaint, Plaintiff has failed to allege Article III standing in the current cause of action and, therefore, the Court lacks subject matter jurisdiction over this case.

## II.  Discussion

### A.  Article III Standing

Article III of the U.S. Constitution "limits the category of litigants empowered to maintain a lawsuit in federal court" to those with "actual cases or controversies." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016), as revised (May 24, 2016). Standing is jurisdictional and a threshold issue in every federal case. Warth v. Seldin, 422 U.S. 490, 498 (1975); Disability Support All. v. Heartwood Enterprises, LLC, 885 F.3d 543, 547 (8th Cir. 2018). Article III standing applies to all claims adjudicated in federal court, including state law claims. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985); McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank, 11 F.4th 702, 708 (8th Cir. 2021); Metro. Exp. Servs., Inc. v. City of Kansas City, Mo., 23 F.3d 1367, 1370 (8th Cir. 1994).

There are three basis requirements for standing. A plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendants, and (3) is likely to be redressed by a favorable judicial decision. Lujan v. Defs. of Wildlife, 504 U.S. 555,

560-61 (1992); United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 833–34 (8th Cir. 2009).  Foremost among the three requirements is injury in fact.  To establish injury in fact, a plaintiff must have "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, Inc., 578 U.S. at 339 (quoting Lujan, 504 U.S. at 560).

As discussed in detail in the Court's Memorandum and Order dated March 9, 2023 in Graeff I, Plaintiff has not alleged a concrete and particularized injury in fact.  As in this case, Plaintiff devoted pages of her Amended Complaint in Graeff I to detailing the EAC's Testing and Certification Program, and how NTS, SLI Compliance, and Pro V&V were not properly certified or accredited as VSTLs.  Importantly, in Graeff I and in the Amended Complaint at issue in this case, Plaintiff does not allege that the three laboratories failed to test the voting systems or software; that the laboratories did not follow accepted standards in their testing; that the uncertified voting systems and software failed to properly tabulate votes; or that the results of any elections, including the one in which Plaintiff was a candidate, were inaccurate.  Plaintiff's claimed injuries in Graeff I and in this case rest solely on the Defendants' alleged statutory and regulatory violations, which she asserts nullify her and other Missourians' votes.

For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way."  Spokeo, Inc., 578 U.S. at 339 (quoting Lujan, 504 U.S. at 560 n.1).  When the alleged injury is undifferentiated and common to all members of the public, courts routinely dismiss such cases as "generalized grievances" that cannot support Article III standing.  United States v. Richardson, 418 U.S. 166, 173–75 (1974).  See also Lance v. Coffman, 549 U.S. 437 (2007) (holding injury based on claims that Election Clause had not been followed is "precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused

to countenance[.]"); Nolles v. State Comm. for Reorg. of Sch. Districts, 524 F.3d 892, 900 (8th Cir. 2008) (plaintiffs failed "to allege a specific individualized injury . . . resulting from the allegedly unfair election, that is, an injury not shared by all the voters who voted as they did in the referendum election."). For an injury to be "concrete," the injury must be "de facto," that is, "it must actually exist." Spokeo, Inc., 578 U.S. at 339. Certain tangible harms readily qualify as concrete injuries, such as physical injury and monetary damages. Id. But an injury need not be "tangible" to be concrete. Id. Certain "intangible injuries can nevertheless be concrete," particularly if the intangible injury has been recognized historically as providing the basis for recovery, even if the harm may be difficult to prove or measure. Id. The Supreme Court has made clear, however, that an alleged violation of a statute alone is not enough to confer standing. Id.; see also TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2207 (2021).

Plaintiff's alleged injury in this case is not particularized. Like in Graeff I, throughout her Amended Complaint, Plaintiff appears to be challenging as a Missouri citizen and voter the Defendants' alleged failure to uphold election laws. Plaintiff does not differentiate her interests from the interests of the voting public at large. In fact, she expressly asserts that with her claims, she seeks to protect the rights of all Missouri voters. These allegations fall short of a particularized injury in fact. See Lance, 549 U.S. at 439; Nolles, 524 F.3d at 900.

The fact that Plaintiff was at one time a candidate for state office also does not confer standing, because she does not assert particularized injury to herself as a candidate. Plaintiff's emphasis is on the election law violations themselves, which she asserts void and nullify Missouri's elections. Plaintiff does not allege that due to Defendants' alleged misconduct, the results of the elections are inaccurate, that the outcomes should have been different, or that she received more votes than what the uncertified machines tabulated. Moreover, Plaintiff lost the

9

primary election by a wide margin and is no longer a candidate for office.  Plaintiff has not alleged or shown facts that she suffered or will suffer an injury that impacts her more than the general public.  See Stein v. Cortés, 223 F. Supp. 3d 423, 432-33 (E.D. Pa. 2016) (finding no standing where the plaintiff, an unsuccessful candidate, alleged that Pennsylvania's electronic voting machines may be susceptible to hacking); compare Carson v. Simon, 978 F.3d 1051, 1058 (8th Cir. 2020) (use of the consent decree makes candidates' alleged injury that there will be an inaccurate vote tally "certainly-impending").

      Plaintiff's alleged injury is also not concrete.  As discussed in more detail above, Plaintiff claims Defendants violated election laws – more specially they allowed uncertified voting systems to be used in Missouri's elections – but Plaintiff has not adequately alleged a concrete harm flowing from these alleged violations.  Again, Plaintiff does not allege that the three allegedly unaccredited VSTLs, which tested the voting systems and software used in Missouri, did not perform the tests or that their testing methods did not meet testing standards.  She does not allege that Missouri's improperly certified voting systems and software inaccurately tabulated votes, or that as a candidate she received votes that were not counted.  In short, like the allegations in Graeff I, there are no allegations here in Plaintiff's Amended Complaint that she suffered or will suffer a concrete injury resulting from Defendants' alleged failure to properly follow election laws.  See TransUnion LLC, 141 S. Ct. at 2207 (statutory violation does not itself amount to concrete injury); Spokeo, Inc., 578 U.S. at 339 (same); Lance, 549 U.S. at 439 (differentiating between plaintiffs who alleged concrete and personalized injuries from those who assert an injury based merely on the government's violation of an election law); Schumacher v. SC Data Ctr., Inc., 33 F.4th 504, 514 (8th Cir. 2022) (violation of statute, without more, is not a concrete injury); Auer v. Trans Union, LLC, 902 F.3d 873, 878 (8th Cir. 2018) ("naked assertion[ ]" of harm, "devoid of 'further

factual enhancement,' " falls short of plausibly establishing concrete injury); Crist v. Comm'n on Presidential Debates, 262 F.3d 193, 195 (2d Cir. 2001) ("a voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared ...") Becker v. Fed. Election Comm'n, 230 F.3d 381, 389 (1st Cir. 2000) ("the harm done to the general public by [alleged] corruption of the political process is not a sufficiently concrete, personalized injury to establish standing").

The Court has carefully considered the factual allegations in Plaintiff's Amended Complaint, which are substantially the same as Plaintiff's factual allegations in Graeff I. The Court finds that its analysis and holding regarding standing in Graeff I apply with equal force here. As in Graeff I, Plaintiff has failed to allege a concrete, particularized harm that she suffered or will suffer as a result of Defendants' alleged misconduct. Therefore, Plaintiff does not have Article III standing, and the Court lacks subject matter jurisdiction over this dispute.

The Eighth Circuit has instructed that "[w]hen a case is in federal court because it has been removed there by the defendant[s] and it turns out the district court lacks subject matter jurisdiction to decide the claims, 'the case shall be remanded.'" Schumacher, 33 F.4th at 514 (quoting 28 U.S.C. § 1447(c)); see also Wallace v. ConAgra Foods, Inc., 747 F.3d 1025, 1033 (8th Cir. 2014) (noting that if a case has been removed to federal court and the plaintiff lacks Article III standing to confer federal jurisdiction, "the federal court must remand the case to the state court from whence it came"). The Court, therefore, remands this case to the Circuit Court of St. Charles County, Missouri.

**B. Alternative Grounds for Remand**

In her Motion to Remand, Plaintiff moves to remand this case to state court and argues the Court does not have original jurisdiction over this dispute because the Circuit Court of St. Charles County has "exclusive" jurisdiction pursuant Mo. Rev. Stat. § 115.531. This motion is moot

11

because, as discussed above, the Court lacks subject matter jurisdiction over all of the claims Plaintiff asserts in her Amended Complaint and must remand it on that basis.

Defendants oppose Plaintiff's motion to remand, however, arguing among things that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This argument must fail. Where a federal court lacks original subject matter jurisdiction, § 1367(c) "confers no discretion to exercise supplemental jurisdiction over remaining state-law claims." Dakota, Minn. & Easter .R.R. Corp. v. Schieffer, 715 F.3d 712, 713 (8th Cir. 2013) (per curiam).

Moreover, even assuming Plaintiff had standing in federal court, the Court in its discretion would decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Plaintiff alleges only state law claims in her Amended Complaint. When federal claims over which the Court has original jurisdiction are no longer pending in a suit, the Court retains supplemental jurisdiction over any remaining state law claims "that are so related . . . that they form part of the same case or controversy under Article III" as the federal claims. See 28 U.S.C. § 1367; see also Lindsey v. Dillard's, Inc., 306 F.3d 596, 598–99 (8th Cir. 2002). The Court, however, may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).

While federal courts often address state and federal claims together, state claims that require a separate analysis "[i]n most cases . . . are dismissed without prejudice to avoid needless decisions of state law." Wierman v. Casey's Gen. Stores, 638 F.3d 984 (8th Cir. 2011). Further, where federal claims are no longer pending, supplemental state law claims that raise novel or complex issues of state law may be remanded or dismissed without prejudice. 28 U.S.C.

§ 1367(c)(1). The principle that the Court should avoid needless decisions of state law, particularly on novel claims, counsels in favor of the discretionary remand of Plaintiff's state law claims under 28 U.S.C. § 1367(c)(1). See Nolles, 524 F.3d at 898 ("'Election law, as it pertains to state and local elections, is for the most part a preserve that lies within the exclusive competence of the state courts.'") (quoting Bonas v. Town of N. Smithfield, 265 F.3d 69, 74 (1st Cir. 2001)).

Therefore, in the alternative, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and will remand this case to the Circuit Court of St. Charles County, Missouri, from which it was removed. See 28 U.S.C. § 1367(c).

### C. Remaining Motions

As previously stated, standing is jurisdictional, and the Court is obligated to determine whether it has subject matter jurisdiction as to all the claims before it. Hertz Corp., 559 U.S. at 94. A district court "must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Because Plaintiff does not have Article III standing, which is a threshold requirement for subject matter jurisdiction, the Court does not have the authority to rule on Defendants' Motions to Dismiss. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that for the reasons set forth in this Memorandum and Order, this case is **REMANDED** to the Circuit Court for St. Charles County, State of Missouri, from which it was removed, for lack of subject matter jurisdiction or, alternatively, because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS FURTHER ORDERED** Plaintiff Alison Graeff's Motion to Remand is **DENIED as moot**, as the Court remands this cause of action to state court for lack of subject matter jurisdiction.  [ECF No. 13]

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss remain pending for resolution by the state court following remand.

The Court will issue a separate Order of Remand.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   9th   day of March, 2023.